IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS G. WATERS,

                    Plaintiff,

  v.                                                                                              ORDER

NANCY A. BERRYHILL,                                                     16-cv-92-jdp
  Acting Commissioner of Social Security,

                    Defendant.

---

     In light of the parties' joint motion, Dkt. 9, the court reversed the Commissioner's decision denying plaintiff Dennis G. Water's application for disability insurance benefits and remanded the case for further proceedings. Dkt. 10. The court then awarded Waters's attorney $6,510 in attorney fees and $400 in costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 13. On remand, the Commissioner determined that Waters was disabled and awarded him $56,440 in past-due benefits.

     Now Waters's attorney, David F. Chermol, moves the court for a representative fee award of $13,585, pursuant to 42 U.S.C. § 406(b). Dkt. 15. Chermol seeks 25 percent of Waters's past-due benefits award, or $14,110, less $525 (Waters's administrative representative will seek an award of $525 for his work below). Waters agreed to a 25 percent contingency fee. *See* Dkt. 15-2. Chermol acknowledges that he will have to refund his EAJA fee award to Waters. The court will grant Chermol's motion.

     Under 42 U.S.C. § 406(b), the court may award a claimant's attorney a representative fee for his or her work before the court. This section of the Social Security Act provides that "a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792

(2002). The requested fee is within the cap, but the court must nevertheless review it to ensure that it is reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness.").

When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

Contingent fee agreements often produce fees that reflect large hourly rates that are not per se unreasonable. Contingent fee arrangements account for the attorney's risk of non-recovery, and awarding a fee consistent with the parties' agreement motivates attorneys to represent social security claimants who could not otherwise afford counsel. "If courts regularly invalidated reasonable contingency agreements in favor of a lodestar fee, then attorneys would no longer enter into such agreements." *McGuire*, 873 F.2d at 980. Following this principle, district courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and even as high as $1,500. *Koester*, 482 F. Supp. 2d at 1083 (collecting cases). But when the contingent fee agreement would yield an unreasonable windfall, courts have reduced the award under § 406(b) to an appropriate rate

2

above the lodestar rate. *See, e.g.*, *Schimpf v. Astrue*, No. 06-cv-18, 2008 WL 4614658 (N.D. Ind. Oct. 16, 2008) (awarding a fee at a reduced hourly rate of $583.50); *Hodges-Williams*, 400 F. Supp. 2d at 1099-100 (awarding a fee at a reduced hourly rate of $350).

Here, the requested award is reasonable. Chermol seeks $13,585 for 43.3 hours of work, which amounts to an hourly rate of about $314. Chermol represented Waters before this court, reviewed the administrative record, drafted a motion for summary judgment, and prompted and negotiated a stipulated remand, which resulted in a favorable determination below.

As Chermol recognizes, the $13,585 must be offset by the EAJA fee award that he already recovered. *Gisbrecht*, 535 U.S. at 796. Chermol will need to refund the $6,510 he recovered in EAJA fees to Waters.

ORDER

IT IS ORDERED that plaintiff Dennis G. Waters's attorney's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b), Dkt. 15, is GRANTED. The court approves a representative fee award of $13,585, provided plaintiff's attorney returns his EAJA fees to plaintiff.

Entered April 17, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge